WESTCHESTER FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v. H.E.W. CONSTRUCTION CORP. et al., Defendants. GORDON GREENE, Assignee for the Benefit of Creditors of H. E. W. CONSTRUCTION CORP., Appellant.— In a foreclosure action, the assignee for the benefit of creditors of defendant H.E.W. Construction Corp. appeals from an order of the Supreme Court, Rockland County, dated October 6, 1967, which denied his motion (1) to vacate (a) a notice of appearance by said defendant's attorneys served subsequent to the assignment, (b) the judgment of foreclosure and sale and (c) the order granting judgment to plaintiff; and (2) to stay the sale. Order affirmed, without costs. Defendant H.E.W. Construction Corp., a builder, executed and delivered to plaintiff mortgages on 12 parcels as security for advances under a building loan agreement. Upon H.E.W.'s default, plaintiff commenced 12 foreclosure actions, each respectively as to one of the 12 properties mortgaged, including the action at bar. The other 11 actions are the bases for 11 companion appeals pending in this court, which have questions in common with the appeal at bar and are being determined simultaneously herewith. Subsequent to the filing of the notice of pendency of action, in which H.E.W. was named a defendant, service of the summons and complaint was effected upon one of the other defendants. Plaintiff claims in its brief that service was also effected upon H.E.W. through its attorneys; however, appellant protests this on the ground it is dehors the record. After the date of such alleged service upon it, H.E.W. executed a general assignment for the benefit of creditors to appellant, which assignment was duly filed. Subsequent thereto, H.E.W. appeared in the action by notice of appearance served on its behalf, albeit without appellant's consent and by attorneys other than the appellant's attorney, whose retainer had been filed with the assignment. Appellant was not specifically named as a party in this action and was not served with process. The action proceeded to the appointment of a Referee to compute, the computation, judgment of foreclosure and sale, and the advertising of a notice of sale for October 6, 1967. On September 29, 1967 appellant made the motion which resulted in the order under review. An interim stay of further proceedings was obtained, pending determination of the motion and the entry of an order thereon. The motion, returnable on October 2, 1967, was denied by decision dated October 4 and the order thereon, the one appealed from, was made on October 6. The briefs of the parties are in agreement that 10 of the 12 properties were sold on October 6, 1967 and the sales of the remaining two, including the one involved in this action, were postponed. Appellant obtained a stay pending a determination of this appeal. He claims, *inter alia*, that (a) he was a necessary party to the action, (b) from the time of the assignment H.E.W. was without power to authorize any attorneys to appear on its behalf, (c) no jurisdiction was acquired over H.E.W. or appellant and (d) the judgment of foreclosure and sale, insofar as it affected H. E. W. and appellant, was invalid and did not foreclose appellant's equity of redemption. In our opinion, appellant,

whose interest was acquired subsequent to the filing of the notice of pendency of action, was not a necessary party, he being in no better position than a purchaser or incumbrancer whose interest is acquired by a conveyance subsequent to the filing of such notice and whose interest is deemed foreclosed as though he were an actual party to the action (CPLR. 6501). We are also of the opinion that, irrespective of the assignment, H.E.W. retained its identity as a corporate entity for the purpose of suing and being sued, which includes authorizing a notice of appearance on its behalf, and that, by such notice of appearance, jurisdiction was acquired over it for whatever purposes it was deemed a necessary party at the time of the filing of the notice of pendency of action, to wit: its obligation on its notes and its then ownership of the equity of redemption. Moreover, although appellant, by reason of his interest in the subject matter of the action, was entitled to intervene as a party, such right to intervene, even if it be deemed to have been exercised at the time of the making of the motion on September 29 (returnable October 2), did not attenuate the foreclosure of his equity of redemption, which foreclosure was effected (as provided in CPLR 6501) prior to such intervention by him. In addition, in our opinion, appellant urged nothing below which, at the point of his intervention (a few days prior to the scheduled date of sale), would justify the relief sought below by him. Appellant now urges for the first time on appeal that, because of his religious beliefs and those of 30% to 35% of the potential bidders in the county, he and they were deterred from attending the sales held on October 6 because that day was the second of the Jewish High Holy Days. Accordingly, appellant argues, H.E.W.'s creditors were deprived of a potential surplus. We do not find this argument persuasive of invalidation of the sales. October 6 was concededly not a legal holiday. Moreover, from the circumstances adduced, including but not limited to the amount of the liens and the advertised market value placed on the homes we find no persuasive indication of a potential surplus, even if the sales had been conducted on any day other than that which was selected by plaintiff. Nor is the fact that this objection was belatedly presented at this posture of the case, and after plaintiff had reached a point of no return, particularly helpful to appellant's plea for equitable consideration. In any event, while this court is sympathetic with the religious beliefs of all litigants, we are of the opinion that to entertain appellant's claim in this respect would be to place upon a plaintiff the onerous and impractical burden of ascertaining the religious beliefs of the litigants and all possible interested parties and evaluating them in terms of what day would best suit the convenience of the majority of those concerned. While a plaintiff would normally be expected to select, for his own benefit, a day which would be most productive in sales potential, to obligate a plaintiff to do so for the benefit of a defendant would permit a defendant to question and dispute the evaluation of these factors by the plaintiff, no matter how painstaking the plaintiff may have been in the process. The obvious untenability of such a position renders any further comment unnecessary. We have considered appellant's remaining points and find them without merit. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.