(July 18, 1994)

■ AMERICAN AUTOMOBILE INSURANCE COMPANY OF ST. LOUIS, Appellant, v ANTHONY R. SANSONE et al., Respondents. [614 NYS2d 550] —In an action to set aside a conveyance as fraudulent and for a declaration that a certain judgment is a lien against real property, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 24, 1992, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for entry of an appropriate judgment.

Joseph Lantz embezzled funds from his employer and the employer assigned its right to recover the stolen funds to the appellant insurance company. Lantz owned a home situated on a certain parcel of real property in Staten Island and on December 1, 1983, in an attempt to protect this real property from execution by his creditors, he conveyed it to his wife, Josephine Mannarino, for no consideration. In June 1984 the

appellant commenced a prior action against Lantz and Mannarino to vacate and set aside this conveyance of real property as fraudulent. A notice of pendency, dated June 6, 1984, stating that an action had been commenced against Lantz and Mannarino for a judgment setting aside the conveyance was properly filed with the office of the County Clerk, Richmond County, on June 13, 1984. Thereafter the property was conveyed to Anthony and Margaret Sansone by deed dated August 13, 1984. The appellant was subsequently granted a default judgment setting aside the December 1, 1983, conveyance to Josephine Mannarino.

Thereafter, the appellant commenced the instant action to set aside the August 13, 1984, conveyance to the Sansones. We conclude that the appellant is entitled to summary judgment setting aside that conveyance. A notice of pendency may be filed in any action in which the judgment demanded would affect the title to or possession of real property (see, CPLR 6501). The pendency of such an action is constructive notice to a purchaser from any defendant named in a notice of pendency indexed against a block in which property affected is situated or any defendant against whose name a notice of pendency is indexed (see, CPLR 6501). A person whose conveyance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party (see, CPLR 6501).

The Sansone respondents had constructive notice of the appellant's interest and were bound, to the same extent as a party, by the judgment which set aside the December 1, 1983, conveyance of property to Josephine Mannarino (see, Morrocoy Marina v Altengarten, 120 AD2d 500, 501). At the time Josephine Mannarino conveyed the property to the Sansones, she did not have valid title. Therefore, the August 13, 1984, conveyance must be set aside. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.