■ GREEN POINT SAVINGS BANK, Respondent, v JOSEPH J. ST. HILAIRE et al., Defendants. SAMUEL F. ISIDORE, Nonparty-Appellant. [699 NYS2d 458] —In an action to foreclose a mortgage, nonparty Samuel F. Isidore appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated August 27, 1998, as denied his motion, *inter alia,* to vacate the Referee's report of sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

A notice of pendency is constructive notice to any person who purchases from any defendant named in the notice. In addition, a person whose conveyance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party (*see,* CPLR 6501; *American Auto. Ins. Co. v Sansone,* 206 AD2d 445; *Whelan v J.T.T. Contrs.,* 155 AD2d 451). Furthermore, his or her interest is deemed foreclosed upon entry of a properly-obtained judgment of foreclosure (*see,* CPLR 6501; *Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp.,* 29 AD2d 670). The appellant's interest here was acquired after a notice of pendency was filed, and was consequently foreclosed with entry of the

judgment of foreclosure. Therefore, there is no basis to vacate the Referee's report of sale. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.