■ Thomas Roth, Appellant, v Daniel Porush et al., Respondents. [722 NYS2d 566] —In an action to set aside a

conveyance of real property as fraudulent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated December 21, 1999, as denied his motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The defendant Daniel Porush conveyed his interest in his million-dollar home to his wife, the defendant Nancy Porush, when he was a respondent in an arbitration proceeding commenced against him by the plaintiff. The plaintiff subsequently obtained a multi-million dollar award against Daniel Porush, which was confirmed and later reduced to a judgment. When Daniel Porush failed to pay any part of the judgment, the plaintiff commenced this action against, among others, the Porushs to set aside the conveyance of Daniel's interest in the house to his wife. Nancy Porush, however, sold the house to the defendants David and Esther Schwartz after she was served with the summons and complaint in this action. The plaintiff, thereafter, moved for summary judgment. The Supreme Court denied the motion, reasoning that whether the conveyance to Nancy Porush was part of a legitimate distribution of marital property within the context of a separation agreement, as Nancy Porush claimed, and whether the defendants David and Esther Schwartz were bona fide purchasers, are questions of fact requiring resolution by the trier of fact.

It was error to deny the plaintiff's motion for summary judgment. In support of his motion, the plaintiff produced a copy of the deed for the conveyance of the property in question from Daniel and Nancy Porush to Nancy Porush. The deed's recording page showed that no consideration was paid for the conveyance and no real estate transfer tax was paid. In opposition, Nancy Porush submitted an affidavit in which she claimed that Daniel Porush conveyed his interest in their marital home to her in exchange for her relinquishment of her marital rights. However, the affidavit revealed nothing regarding the family and financial circumstances of the Porush defendants, the nature of the marital difficulties, the value of Daniel Porush's share in the property in question, or the nature and amount of her potential claims against Daniel Porush's property that were allegedly waived. Moreover, Nancy Porush's deposition testimony is clearly inconsistent with the position she took in the affidavit. Daniel Porush did not submit an affidavit in op-

position to the plaintiff's motion, and his deposition transcript shows that he refused to answer questions pertaining to the property and its conveyance to Nancy Porush but, rather, asserted the Fifth Amendment privilege to almost every question. Thus, the Porush defendants failed to submit proof in admissible form to defeat the motion (*see, Spielvogel v Welborne,* 175 AD2d 830; *Century 21 Constr. Corp. v Rabolt,* 143 AD2d 873; *Century Ctr. v Davis,* 100 AD2d 564; *Merman v Miller,* 82 AD2d 826).

The Supreme Court further erred in denying the plaintiff's motion on the ground that there is a question of fact as to whether the defendants David and Esther Schwartz were bona fide purchasers. While Debtor and Creditor Law § 278 protects bona fide purchasers, the issue in this case is not whether the Schwartz defendants were bona fide purchasers, but, rather, whether by virtue of CPLR 6501, they are bound by all proceedings taken in this action in light of the fact that the plaintiff filed his notice of pendency prior to the filing of the deed by which Nancy Porush conveyed the property to them as purchasers. In order to cut off the plaintiff's lien, the Schwartz defendants "must have no knowledge of the outstanding lien and win the race to the recording office" (*Goldstein v Gold,* 106 AD2d 100, 101-102, *affd* 66 NY2d 624). "Lack of knowledge is only the first hurdle which must be met under a race-notice recording act. The purchaser still must win the race to the recording office" (*Goldstein v Gold, supra,* at 103). Since the plaintiff's notice of pendency was recorded prior to the recording of the deed conveying the property to the Schwartz defendants, the latter are bound to the same extent as any judgment obtained against Nancy Porush (*see, American Auto. Ins. Co. v Sansone,* 206 AD2d 445; *Goldstein v Gold, supra*; *Morrocoy Marina v Altengarten,* 120 AD2d 500).

The contention of the Schwartz defendants that the plaintiff has an adequate remedy at law is meritless. The plaintiff is not required to pursue his enforcement remedies at law prior to bringing an action to set aside a fraudulent conveyance (*see, Brown v Kimmel,* 68 AD2d 896). Nor is the doctrine of equitable subrogation applicable here. The doctrine applies "where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance" (*King v Pelkofski,* 20 NY2d 326, 333-334;

*see, R.C.P.S. Assocs. v Karam Developers,* 238 AD2d 492; *Pawling Sav. Bank v Hunt Props.,* 225 AD2d 678; *Zeidel v Dunne,* 215 AD2d 472). The record indicates that there were facts which should have led the Schwartz defendants and their title insurance company to conduct further inquiry (*see, R.C.P.S. Assocs. v Karam Developers, supra*). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.