■ In the Matter of EMMA J. JENKINS, Respondent-Appellant, v DORINE STEPHENSON, Appellant-Respondent, and LEGEND HOME SALES, INC., Respondent. [745 NYS2d 30] —Motion by the respondent-appellant on an appeal from an order and judgment (one paper) of the Supreme Court, Queens County, dated November 9, 1999, to amend a decision and order of this Court dated December 3, 2001 (289 AD2d 241) by adding a provision to the decretal paragraph thereof directing the Register of the County of Queens to cancel deeds designated by reel #04492, page 01707, and reel #04749, page 01788, and to sever the cross claims and counterclaims.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

·Ordered that the decision and order of this Court dated December 3, 2001, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding to set aside deeds to real property, Dorine

Stephenson appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated November 9, 1999, as is in favor of the petitioner and against her in the sum of $72,000, and the petitioner cross-appeals, as limited by her brief, from so much of the same order and judgment as adjudged that the conveyances from Sallie Mae Jenkins to Dorine Stephenson and from Dorine Stephenson to Legend Home Sales, Inc., were not subject to avoidance, dismissed the petition insofar as asserted against Legend Home Sales, Inc., and directed the county clerk to cancel the petitioner's notice of pendency of record.

Ordered that the order and judgment is reversed insofar as appealed and cross-appealed from, on the law, with costs payable by Dorine Stephenson to the petitioner, the petition is reinstated, the deed to the subject property from Sallie Mae Jenkins to Stephenson dated December 24, 1996, and the deed from Stephenson to Legend Home Sales, Inc., dated November 24, 1997, are set aside, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended order and judgment severing the cross claims and counterclaims and directing the Register of the County of Queens to cancel deeds designated by reel #04492, page 01707, and reel #04749, page 01788.

By deed dated December 24, 1996, Sally Mae Jenkins purported to convey title to real property located at 216-10 136th Road, Springfield Gardens, New York, to Dorine Stephenson, without consideration. In June 1997 a proceeding was brought pursuant to Mental Hygiene Law article 81, and the Supreme Court determined that Sally Mae Jenkins was an incapacitated person in need of a guardian. The petitioner, Emma Jean Jenkins, was appointed coguardian.

Emma Jean Jenkins learned from the District Attorney that Sallie Mae Jenkins had transferred the property, and she filed the petition herein on October 18, 1997, seeking to void the deed to Stephenson. She filed a notice of pendency of this proceeding with the county clerk on November 24, 1997, and on the same day, Stephenson conveyed title to the real property to Legend Home Sales, Inc. (hereinafter Legend). Legend was not a party to the original transaction, but was permitted to intervene in this proceeding as a respondent by order dated February 6, 1998. Legend's answer to the petition interposed a cross claim against Stephenson for damages and a counterclaim against the estate of Sallie Mae Jenkins for damages and a lien against the subject premises.

The Supreme Court, after a hearing, determined that Sallie Mae Jenkins was incapacitated at the time she transferred the property to Stephenson, and that the transfer was the result of undue influence and fraud. The Supreme Court further determined that Legend was a bona fide purchaser, and therefore, that the deeds could not be voided.

We agree with the Supreme Court's determination that Sallie Mae Jenkins was incapacitated at the time she conveyed the subject property to Stephenson in 1996, and that the Supreme Court properly qualified Gerald Deas as an expert witness on the subject of mental competency (*see, Fuller v Preis,* 35 NY2d 425, 431; *Joswick v Lenox Hill Hosp.,* 161 AD2d 352, 355).

The Supreme Court erred, however, in holding that Legend was a bona fide purchaser with neither actual nor constructive notice of this proceeding. Legend purchased the property from Stephenson on November 24, 1997, the same date on which Emma Jean Jenkins filed the notice of pendency of this proceeding. The deed from Stephenson to Legend was not recorded by Legend until December 24, 1997. To cut off a prior lien, a purchaser "must have no knowledge of the outstanding lien *and* win the race to the recording office" (*Goldstein v Gold,* 106 AD2d 100, 101-102, *affd* 66 NY2d 624). "[A] purchaser is charged with constructive notice of litigation if he [or she] fails to record the deed prior to the filing of the notice of pendency" (*Goldstein v Gold, supra* at 102). Legend failed to record the deed prior to the filing of the notice of pendency, and, therefore, is bound to the same extent as Stephenson by the judgment determining that Sallie Mae Jenkins did not have the capacity to deed the property (*see,* CPLR 6501; *Roth v Porush,* 281 AD2d 612, 614; *American Auto. Ins. Co. of St. Louis v Sansone,* 206 AD2d 445; *Goldstein v Gold, supra; Morrocoy Mar. v Altengarten,* 120 AD2d 500). Goldstein, J.P., McGinity, H. Miller and Townes, JJ., concur.