■ HSBC MORTGAGE CORP., Formerly Known as MARINE MIDLAND MORTGAGE CORPORATION, Respondent, v DAVID OBERLANDER, Appellant. [830 NYS2d 916]—In an action pursuant to Real Property Actions and Proceedings Law article 15 to quiet title to real property, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Schack, J.), dated March 21, 2005, which granted the plaintiff's motion for reargument of its motion for summary judgment on the complaint and the defendant's cross motion for summary judgment dismissing the complaint, which were determined by order of the same court (Barasch, J.), dated June 13, 2003, and upon reargument, vacated the order dated June 13, 2003, in effect, denied the defendant's cross motion for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the complaint, and in effect, determined that, upon the issuance of a referee's deed in an underlying mortgage foreclosure action in the Supreme Court, Kings County entitled *Marine Midland Mortgage Corp. v Mittleman,* index No. 10435/93, the defendant is barred from claiming any right, title, or interest in the subject premises.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly determined that the present action was timely commenced (*see* CPLR 213 [1]; *Sorrentino v Mierzwa,* 25 NY2d 59, 61 [1969]). Moreover, the Supreme Court properly, in effect, determined that, upon the issuance of a referee's deed in an underlying mortgage foreclosure action in the Supreme Court, Kings County entitled *Marine Midland Mortgage Corp. v Mittleman,* Index No. 10435/93, the defendant is barred from claiming any right, title, or interest in the subject premises (*see Novastar Mtge., Inc. v Mendoza,* 26 AD3d 479, 480 [2006]; *Matter of Jenkins v Stephenson,* 293 AD2d 612, 614 [2002]; *Green Point Sav. Bank v St. Hilaire,* 267 AD2d 203 [1999]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.