In an action pursuant to REAEL article 15 to determine claims to real property, the defendants Napoleon Farfan and Eduardo Rodriguez appeal from so much of an order of the Supreme Court, Queens County (Cullen, J.), entered October 29, 2008, as denied that branch of their motion which was for summary judgment declaring that their interests in the subject property are superior to those of the plaintiff and granted the plaintiffs cross motion for summary judgment declaring that she is the sole owner of the subject property in fee simple absolute.
Ordered that the order is reversed, on the law, with costs, that branch of the appellants’ motion which was for summary judgment declaring that their interests in the subject property are superior to those of the plaintiff is granted, the plaintiffs cross motion for summary judgment declaring that she is the owner of the subject property in fee simple absolute is denied, upon searching the record, summary judgment is awarded to the appellants declaring that the plaintiff is not the owner of the subject property in fee simple absolute, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate declaratory judgment.
“A person whose conveyance or encumbrance is recorded after the filing of [a] notice [of pendency] is bound by all proceedings taken in the action after such filing to the same extent as a party” (CELR 6501). “The purpose of the notice of pendency is ‘to afford constructive notice from the time of the filing so that any person who records a conveyance or encumbrance after that time becomes bound by all of the proceedings taken in the *650 action’ ” (2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 161 [2008], quoting Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts. v Solow Bldg. Corp., 52 AD2d 533, 534 [1976]; see Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 480 [2006]; Matter of Jenkins v Stephenson, 293 AD2d 612, 614 [2002]; Roth v Porush, 281 AD2d 612, 614 [2001]; Green Point Sav. Bank v St. Hilaire, 267 AD2d 203 [1999]; American Auto. Ins. Co. of St. Louis v Sansone, 206 AD2d 445, 446 [1994]; Goldstein v Gold, 106 AD2d 100, 102 [1984]).
Here, the plaintiff did not record her deed to the subject property before the appellants filed a notice of pendency in a prior action for a judgment declaring that they are the owners of the property. The appellants ultimately obtained a judgment in the prior action declaring that they are the owners of the property. In any event, the plaintiff failed to establish that, at the time her deed was executed, she lacked knowledge that the appellants had an existing lien or interest in the property (see Roth v Porush, 281 AD2d at 614; Goldstein v Gold, 106 AD2d at 101-102). Therefore, the plaintiff is bound by the judgment obtained by the defendants in the prior action. Accordingly, the Supreme Court erred in granting the plaintiff’s cross motion for summary judgment declaring that she is the sole owner of the subject property in fee simple absolute and in denying that branch of the appellants’ motion which was for a judgment declaring that their interests in the property are superior to those of the plaintiff.
In view of our determination, we need not reach the parties’ remaining contentions.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the interests of the defendants Napoleon Farfan and Eduardo Rodriguez in the subject property are superior to those of the plaintiff and that the plaintiff is not the sole owner of the subject property in fee simple absolute (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Dillon, J.P., Eng, Belen and Hall, JJ., concur. [See 21 Misc 3d 1114(A), 2008 NY Slip Op 52075(U).]