Ventures Trust 2013-I-H-R v Bisram (2019 NY Slip Op 08728)





Ventures Trust 2013-I-H-R v Bisram


2019 NY Slip Op 08728


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-01477
 (Index No. 14894/08)

[*1]Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, etc., respondent, 
v
Brahmadutta Bisram, et al., defendants; Miss Jones, LLC, nonparty-appellant.


Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman of counsel), for nonparty-appellant.
Desiderio, Kaufman & Metz, PC, New York, NY (Jeffrey R. Metz of counsel), for respondent.

In an action to foreclose a mortgage, nonparty Miss Jones, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 7, 2017. The order denied the motion of nonparty Miss Jones, LLC, inter alia, to substitute itself, as successor in interest, in place of the defendant PNC Bank, National Association, successor by merger to National City Bank, in the action, and thereupon, to dismiss the complaint insofar as asserted against it pursuant to CPLR 3215(c), or, in the alternative, to dismiss the complaint insofar as asserted against it pursuant to Kings County Foreclosure Court Rule F(8).


DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated November 14, 2017, that branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal as academic is granted; and it is further,
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In May 2008, nonparty Washington Mutual Bank, predecessor in interest to the plaintiff, Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, commenced this action against, among others, the predecessor in interest to the defendant PNC Bank, National Association (hereinafter PNC's predecessor, and PNC, respectively), to foreclose a mortgage encumbering certain real property in Brooklyn. Subsequently, PNC Bank became the holder of a subordinate mortgage on the subject premises, which was held as security for a note in the amount of $190,000. PNC's predecessor filed a notice of appearance and waiver dated July 10, 2008, but never answered the complaint. An order of reference was issued on November 30, 2009. That order of reference [*2]was subsequently vacated, and a final order of reference was issued on February 10, 2014. The caption was amended to include PNC.
In July 2016, nonparty Miss Jones, LLC (hereinafter the appellant), became the holder of the subordinate mortgage previously held by PNC. In November 2016, the Supreme Court issued a judgment of foreclosure and sale in favor of the plaintiff, which directed the sale of the premises. The judgment of foreclosure and sale was entered on or about December 9, 2016.
On January 31, 2017, the appellant moved, inter alia, pursuant to CPLR 1021 to substitute itself, as successor in interest, in place of PNC, and thereupon, to dismiss the complaint insofar as asserted against it pursuant to CPLR 3215(c), or, in the alternative, to dismiss the complaint insofar as asserted against it pursuant to Kings County Foreclosure Court Rule F(8). The appellant did not move to vacate PNC's default. In an order dated February 7, 2017, the Supreme Court denied the appellant's motion. The appellant appeals.
The premises were subsequently sold at auction on April 13, 2017. Thereafter, the plaintiff filed a motion with this Court, inter alia, to dismiss this appeal as academic, and submitted the referee's report of sale in support of the motion. By decision and order on motion dated November 14, 2017, this Court referred that branch of the motion to this panel of Justices.
The appellant's interest in the premises by virtue of the subordinate mortgage "was consequently foreclosed with entry of the judgment of foreclosure" (Green Point Sav. Bank v St. Hilaire, 267 AD2d 203, 203-204). Therefore, the appeal has been rendered academic, and must be dismissed (see Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d 638, 639).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court