DK Gates Homes, LLC v HSBC Bank USA, N.A. (2020 NY Slip Op 06497)





DK Gates Homes, LLC v HSBC Bank USA, N.A.


2020 NY Slip Op 06497


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-07389
 (Index No. 506136/14)

[*1]DK Gates Homes, LLC, appellant, 
v
HSBC Bank USA, N.A., etc., respondent.


Berg & David PLLC, Brooklyn, NY (Sholom Wohlgelernter and Abraham David of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Lisa J. Fried, Christian Fletcher, and Leah Edmunds of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 17, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; Prand Corp. v Gardiner, 176 AD3d 1127, 1129; Halfon v U.S. Bank, N.A., 169 AD3d 653, 654).
"'Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property'" (Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1114, quoting Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 749, 750). "'[A] person whose conveyance or encumbrance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party'" (Sharestates Invs., LLC v Hercules, 178 AD3d at 1114, quoting Novastar Mtge., Inc. v Mendoza, 26 AD3d at 479; see CPLR 6501; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 750; Mortgage Elec. Registration Sys., Inc. v Pagan, 119 AD3d 749, 752).
"'The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such'" (Gregg v M & T Bank Corp., 160 AD3d 936, 940, quoting Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709; see Emigrant Bank v Drimmer, 171 AD3d 1132, 1134). "'The intended purchaser [*2]must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led'" (Emigrant Bank v Drimmer, 171 AD3d at 1134, quoting Fairmont Funding v Stefansky, 301 AD2d 562, 564; see Gregg v M & T Bank Corp., 160 AD3d at 940). Accordingly, "'[i]f the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed'" (Emigrant Bank v Drimmer, 171 AD3d at 1134, quoting Fairmont Funding v Stefansky, 301 AD2d at 564; see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799).
Here, prior to the plaintiff's acquisition of its interest in the subject property, the defendant had filed and renewed a notice of pendency giving notice, including to potential purchasers of the property, of a pending foreclosure action against the property. Since the plaintiff is therefore bound by the outcome of the pending foreclosure action, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint.
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court