Deutsche Bank Natl. Trust Co. v Limtcher (2021 NY Slip Op 02134)





Deutsche Bank Natl. Trust Co. v Limtcher


2021 NY Slip Op 02134


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-03066
 (Index No. 7061/16)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Ekaterina Limtcher, etc., appellant, et al., defendants; Ari Barel, nonparty-appellant.


Ekaterina Limtcher, Monroe, NY, appellant pro se.
Ari Barel, Monroe, NY, nonparty-appellant pro se.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Rabinowitz Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ekaterina Limtcher, individually and as guardian of A. L., a minor, and nonparty Ari Barel appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated October 12, 2018. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion, among other things, to confirm the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, inter alia, to confirm the referee's report is denied, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith.
In July 2005, Leonid Limtcher (hereinafter the decedent) entered into a loan agreement secured by a mortgage encumbering property located in Orange County. On June 25, 2009, the decedent died, and the loan thereafter fell into default. Title to the property, subject to the mortgage, passed to the decedent's wife, the defendant Ekaterina Limtcher (hereinafter the defendant), and their minor child, A. L.
The instant action is the third mortgage foreclosure action commenced with respect to this loan. The first mortgage foreclosure action was commenced in or about July 2010, and was dismissed in December 2012, for lack of standing. A second mortgage foreclosure action was commenced on or about January 23, 2015, and was dismissed due to a mistake in the caption of the action. The instant action was thereafter commenced in October 2016 against, among others, the defendant, both individually and as guardian of A. L. The defendant interposed an answer, asserting as affirmative defenses, inter alia, that the plaintiff lacked standing, and that the action was time-barred.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as [*2]asserted against the defendant, to strike her answer, and for an order of reference. In an order dated January 18, 2018, the Supreme Court granted that motion. In an order and judgment of foreclosure and sale dated October 12, 2018, the court granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property. The defendant, and nonparty Ari Barel, who allegedly has an interest in the subject property, appeal from the order and judgment of foreclosure and sale.
The plaintiff demonstrated, prima facie, its standing as the holder of the note at the time it commenced the action, by attaching a copy of the note, endorsed in blank, to the complaint (see US Bank N.A. v Bochicchio, 179 AD3d 1133, 1135; Deutsche Bank Nat. Tr. Co. v Carlin, 152 AD3d 491, 492). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
A mortgage foreclosure action is governed by a six-year statute of limitations (see CPLR 213[4]). Where a mortgage is payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; Milone v US Bank N.A., 164 AD3d 145, 151). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Milone v US Bank N.A., 164 AD3d at 151; U.S. Bank N.A. v Joseph, 159 AD3d 968, 970).
The first action to foreclose the mortgage, which purportedly accelerated the mortgage debt, was initiated in or about July 2010. However, that action was dismissed for lack of standing, and therefore, the alleged acceleration was a nullity (see U.S. Bank N.A. v Auguste, 173 AD3d 930, 932; J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707). Accordingly, the instant action is timely, but only with respect to those installments that accrued within six years of the date of commencement of the instant action (see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593). Therefore, the plaintiff's recovery may not include any installments that became due more than six years prior to the commencement of the action, and the amount due must be recalculated to reflect that fact.
The plaintiff asserts that the death of the decedent, the original obligor under the note, tolled the statute of limitations period by 18 months pursuant to CPLR 210(b). However, in this action, the defendant was named in her individual capacity and as guardian of A. L., as current owner of the encumbered property (see RPAPL 1311[1]), rather than as the administrator or executor of the decedent's estate. Therefore, CPLR 210(b) does not apply (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768).
The appellants' contention, in effect, that Ari Barel was a necessary party to this action is without merit, since he acquired his alleged interest in the property after the filing of the notice of pendency, and his interest is thus deemed foreclosed as though he were an actual party (see CPLR 6501; Westchester Fed. Sav. & Loan Assn. v H.E.W. Const. Corp., 29 AD2d 670, 670-671).
The appellants' remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court