HSBC Mtge. Corp. (USA) v Wisnieski (2021 NY Slip Op 03446)





HSBC Mtge. Corp. (USA) v Wisnieski


2021 NY Slip Op 03446


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03935
 (Index No. 24244/08)

[*1]HSBC Mortgage Corporation (USA), respondent,
v Todd Wisnieski, et al., defendants-appellants, et al., defendants; Hampton Dream Properties, LLC, nonparty-appellant.


David A. Bythewood, Mineola, NY, for defendants-appellants and nonparty-appellant.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Allison J. Sanders of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Todd Wisnieski and Robyn Wisnieski and nonparty Hampton Dream Properties, LLC, appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 10, 2018. The order denied the motion of nonparty Hampton Dream Properties, LLC, inter alia, for leave to intervene in the action and to vacate a judgment of foreclosure and sale of the same court (Melvyn Tanenbaum, J.) dated August 24, 2010.
ORDERED that the appeal by the defendants Todd Wisnieski and Robyn Wisnieski is dismissed, as they are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-57); and it is further,
ORDERED that the order is affirmed on the appeal by nonparty Hampton Dream Properties, LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2008, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Suffolk County. The defendants Todd Wisnieski and Robyn Wisnieski (hereinafter together the Wisnieskis), the alleged owners of the property, failed to appear or answer the complaint. In an order dated April 13, 2009, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference upon the Wisnieskis' default. On August 24, 2010, the court issued a judgment of foreclosure and sale.
On December 9, 2016, Robyn Wisnieski allegedly transferred a 50% interest in the property to nonparty Hampton Dream Properties, LLC (hereinafter Hampton Dream), although no deed documenting that purported transfer has been included in the record on appeal.
On May 1, 2017, the plaintiff noticed the property for public auction. On June 15, [*2]2017, Hampton Dream moved, inter alia, for leave to intervene in the action and to vacate the judgment of foreclosure and sale. In an order dated January 10, 2018, the Supreme Court denied the motion.
The Supreme Court providently exercised its discretion in denying Hampton Dream leave to intervene. Hampton Dream failed to submit any documentary proof that it acquired an interest in the property. In any event, the interest of Robyn Wisnieski, as well as the interests of all the other defendants of record, were foreclosed on August 24, 2010, upon entry of the judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Pape, 178 AD3d 683, 684-685; Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 480). Accordingly, Hampton Dream failed to demonstrate that it had acquired a real and substantial interest in the outcome of the action so as to warrant intervention (see HSBC Bank USA, N.A. v Pape, 178 AD3d at 684-685).
In light of our determination, we need not reach Hampton Dream's remaining contentions.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court