Wells Fargo Bank, N.A. v Lance (2021 NY Slip Op 04252)





Wells Fargo Bank, N.A. v Lance


2021 NY Slip Op 04252


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-09651
 (Index No. 19267/10)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Aneala Lance, et al., defendants, Grand National Realty 1, LLC, appellant.


Marc E. Scollar, Staten Island, NY, for appellant.
McCalla, Raymer, Leibert & Pierce LLP, New York, NY (Harold L. Kofman of counsel), for respondent.



DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Grand National Realty 1, LLC, appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered June 19, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Grand National Realty 1, LLC, and denied those branches of that defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, pursuant to RPAPL 1301(3) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2010, the plaintiff commenced this action to foreclose a mortgage (hereinafter the first action) against the borrowers, Aneala Lance and Charles Richardson, and others. A notice of pendency was filed in connection with the first action. Lance served an answer, but the plaintiff was unable to timely serve Richardson in the first action. By deed dated December 20, 2011, Lance and Richardson conveyed their interest in the subject property to Grand National Realty 1, LLC (hereinafter Grand National).
In 2012, the plaintiff commenced another action to foreclose the subject mortgage (hereinafter the second action) against Richardson only. Pursuant to an order dated October 16, 2015, the two actions were consolidated under the index number of the first action. Thereafter, in an order dated October 11, 2016, the Supreme Court denied Grand National's motion to dismiss the consolidated action for failure to join it as a necessary party, observing that Grand National acquired its interest in the subject property approximately one year and five months after the first notice of pendency was filed and therefore did not have to be named as a party in the action. In an order dated April 23, 2018, the court denied that branch of a motion by Grand National which was for leave to reargue its previous motion to dismiss the action. However, in the interest of judicial economy, the court granted that branch of Grand National's motion which was for leave to intervene as a defendant in the consolidated action and allowed it to interpose an answer.
In August 2018, the plaintiff moved, inter alia, for summary judgment on the [*2]complaint insofar as asserted against Grand National. Grand National opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it for failure to join it as a necessary party or, in the alternative, pursuant to RPAPL 1301(3) to dismiss the complaint on the ground that two foreclosure actions had been pending with respect to the same mortgage debt. In an order entered June 19, 2019, the Supreme Court granted the plaintiff's motion and denied Grand National's cross motion. Grand National appeals.
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property. The statute further provides that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479 [citations omitted]; see DK Gates Homes, LLC v HSBC Bank USA, N.A., 188 AD3d 815). Here, it is undisputed that the notice of pendency in the first action was filed on July 29, 2010, and the deed conveying the subject property from Lance and Richardson to Grand National was recorded on January 10, 2012. Accordingly, Grand National had constructive notice of the foreclosure action at the time its conveyance was recorded (see Novastar Mtge., Inc. v Mendoza, 26 AD3d at 479-480), and the Supreme Court properly declined to dismiss the complaint on the ground that Grand National was a necessary party (see id.; see also Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer, 67 AD3d 872, 874; Slutsky v Blooming Grove Inn, 147 AD2d 208, 212).
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." "The purpose of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (U.S. Bank Trust, N.A. v Humphrey, 173 AD3d 811, 811 [internal quotation marks omitted]). Here, by the time Grand National moved to dismiss the complaint based upon the plaintiff's alleged violation of RPAPL 1301(3), the Supreme Court had already granted the plaintiff's motion to consolidate the second action with the first action. Therefore, none of the defendants were prejudiced by any failure of the plaintiff to comply with RPAPL 1301(3), since none were placed in the position of having to defend against more than one lawsuit to recover the mortgage debt. Under these circumstances, any failure to comply with RPAPL 1301(3) may be disregarded as a mere irregularity which did not prejudice a substantial right of any party (see Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Grand National, and denied those branches of Grand National's cross motion which were for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, pursuant to RPAPL 1301(3) to dismiss the complaint.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court