■ NICHOLAS LENGARES et al., Respondents, v B & A WAREHOUSING, INC., et al., Defendants, and 65 NINTH STREET CORPORATION et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants 65 Ninth Street Corporation, Susan Spewack, and Violet Spewack appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 24, 1988, as granted the plaintiffs' motion pursuant to Debtor and Creditor Law article 10 to restrain them from disposing of certain mortgage proceeds and for the appointment of a receiver over the proceeds.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 10, 1986, the plaintiff Nicholas Lengares was injured when he fell off a loading dock in a building owned by the defendant 65 Ninth Street Corporation. Approximately two months after the accident, the premises were sold to the defendant B & A Warehousing, Inc., for over $2,000,000. The bulk of the purchase price was paid by means of a $1,550,000 purchase-money mortgage from 65 Ninth Street Corporation to B & A Warehousing, Inc. Thereafter, in November 1986, 65 Ninth Street Corporation assigned the purchase-money mortgage to its two shareholders, the defendants Violet and Susan Spewack, for the stated consideration of $1. The plaintiffs subsequently moved pursuant to Debtor and Creditor Law article 10 to restrain 65 Ninth Street Corporation and the Spewacks from disposing of the mortgage proceeds and for the appointment of a receiver over these funds. The Supreme Court granted the plaintiffs' motion, and we affirm.

Debtor and Creditor Law § 273 provides in substance that without regard to the actual intent to defraud, every conveyance made by a debtor who is or will thereby be rendered insolvent is fraudulent as to creditors if made without "fair consideration" *(see, Southern Indus. v Jeremias,* 66 AD2d 178). As the assignment of what appears to have been the only remaining asset of 65 Ninth Street Corporation to its two shareholders for the nominal consideration of $1 was not made in exchange for "fair consideration" *(see,* Debtor and Creditor Law § 272; *Schmitt v Morgan,* 98 AD2d 934; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425), the assignment was constructively fraudulent pursuant to Debtor and Creditor Law § 273. Accordingly, the Supreme Court properly granted the plaintiffs the equitable relief authorized by Debtor and Creditor Law § 279, which is intended to protect fraudulently conveyed property for the benefit of a creditor whose claim has not yet been established *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122, 130).

We have examined the appellants' remaining contentions and find that they are without merit. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.