█ STEVE SURACE, SR., et al., Respondents, v ANDREW STEWART et al., Defendants, and JOHN DOE, Doing Business as COLUMBIA CAPITAL Co., Appellant. [875 NYS2d 82]—

In an action, inter alia, for a judgment declaring that the plaintiffs have an equitable first mortgage lien against certain real property in the principal sum of $265,377.65, the defendant John Doe, doing business as Columbia Capital Co., appeals (1) from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 11, 2007, as denied those branches of his motion which were for summary judgment with respect to the second cause of action and for summary judgment on his counterclaim for a judgment declaring that the mortgage he issued to the defendant Andrew Stewart was a valid first mortgage lien against the subject real property, and granted the plaintiffs' cross motion for summary judgment on the second cause of action, and (2) from a judgment of the same court dated October 17, 2007, which, upon the order, in effect, declared that the plaintiffs have an equitable first mortgage lien against the subject real property in the principal sum of $265,377.65, together with interest thereon from April 5, 2005, at the rate of 12% annum.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On April 5, 2005 the plaintiffs took a mortgage in the sum of $360,000 (hereinafter the plaintiffs' mortgage) from the defendant Andrew Stewart, which was secured by the subject real property. The plaintiffs' mortgage was not recorded until January 30, 2006. On April 5, 2005 a portion of the proceeds of the plaintiffs' mortgage loan in the sum of $265,377.65 was used to satisfy a prior mortgage secured by the subject property (hereinafter the prior mortgage). On July 14, 2005 the appellant, Rudolph Kats, sued herein as John Doe, doing business as Columbia Capital Co., took a mortgage from the defendant Andrew Stewart in the sum of $200,000 (hereinafter the appellant's mortgage). That mortgage was recorded on August 1, 2005. Stewart defaulted on both the plaintiffs' mortgage and the appellant's mortgage. In this action, among other things, the parties, in effect, sought a determination as to which of those two mortgages has priority. The Supreme Court granted the plaintiffs' cross motion for summary judgment on the second cause of action for a judgment declaring that they have an equitable first mortgage lien against the subject real property in the principal sum of $265,377.65. The court determined that, based on the satisfaction of the prior mortgage with part of the proceeds of the plaintiffs' mortgage, the plaintiffs' mortgage should be equitably subrogated to the rights of the prior mortgagee in the sum of $265,377.65. The Supreme Court denied those branches of the appellant's motion which were for summary judgment with respect to the second cause of action and for summary judgment on his counterclaim for a judgment declaring that his mortgage was a valid first mortgage lien against the subject real property.

The Supreme Court correctly determined that the plaintiffs' mortgage should be equitably subrogated to the rights of the prior mortgagee in the sum of $265,377.65, the amount of the proceeds of the plaintiffs' mortgage which was used to satisfy the prior mortgage, as the appellant's mortgage did not exist at the time the prior mortgage was satisfied (*see King v Pelkofski,* 20 NY2d 326, 333-334 [1967]; *LaSalle Bank Natl. Assn. v Ally,* 39 AD3d 597, 600-601 [2007]; *see also Bank One v Mon Leang Mui,* 38 AD3d 809, 811-812 [2007]). Moreover, the plaintiffs' equitable lien encumbers the subject property in its entirety (*see Great E. Bank v Chang,* 227 AD2d 589 [1996]).

The parties' remaining contentions are without merit. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.