■ DLJ Mortgage Capital, Inc., as Successor to Credit Suisse Financial Corporation, Respondent, v Althea Windsor et al., Defendants, and Abraham J. Herzberg et al., Appellants. [910 NYS2d 160]—

In an action, inter alia, for a judgment declaring that the plaintiff holds an equitable first mortgage on certain real property and to cancel a satisfaction of mortgage previously filed with respect to that property, the defendants Abraham J. Herzberg and Raize Herzberg appeal (1) from an order of the Supreme Court, Kings County (Balter, J.), dated July 17, 2009, which denied their motion for summary judgment, in effect, declaring that the plaintiff does not hold an equitable first mortgage on the subject real property and is not equitably subrogated to the rights of a prior mortgagee with respect to that property, dismissing the cause of action seeking to cancel a satisfaction of mortgage previously filed in connection with that property, and pursuant to CPLR 6514 to cancel a notice of pendency filed with respect to that property, and (2), as limited by their brief, from so much of an order of the same court dated December 17, 2009, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 17, 2009, is dismissed, as that order was superseded by the order dated December 17, 2009, made upon renewal and reargument; and it is further,

Ordered that the order dated December 17, 2009, is reversed insofar as appealed from, on the law, upon renewal and reargument, the order dated July 17, 2009, is vacated, the motion of the defendants Abraham J. Herzberg and Raize Herzberg for summary judgment, in effect, declaring that the plaintiff does not hold an equitable first mortgage on the subject real property and is not equitably subrogated to the rights of a prior

mortgagee with respect to that property, dismissing the cause of action seeking to cancel the satisfaction of mortgage previously filed in connection with that property, and pursuant to CPLR 6514 to cancel a notice of pendency filed with respect to that property is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff does not hold an equitable mortgage on the subject real property and is not equitably subrogated to the rights of the prior mortgagee; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The defendant Althea Windsor purchased property owned by the defendant Carlyle Ebanks, located at 117 16th Street, in Brooklyn (hereinafter the 117 property). Credit Suisse Financial Corp. (hereinafter CSFC) financed the loan for Windsor's purchase of the 117 property, took a mortgage on the 117 property, and thereafter assigned the mortgage to the plaintiff. A portion of those loan proceeds were supposed to be used to satisfy an existing mortgage on the 117 property held by Novastar Mortgage, Inc. (hereinafter Novastar). However, that portion of the loan proceeds was mistakenly credited towards the satisfaction of a mortgage on a different property, also owned by Ebanks, that is located at 115 16th Street in Brooklyn (hereinafter the 115 property). Novastar held a mortgage on the 115 property as well, and when the loan proceeds were mistakenly allocated to satisfy the mortgage loan given by Novastar to Ebanks in connection with the 115 property, a satisfaction of mortgage with respect to the 115 property was recorded by CSFC.

Based on the satisfaction of mortgage recorded in connection with the 115 property, and a title search report showing that the 115 property was free and clear of all encumbrances, the defendants Arthur J. Herzberg and Raize Herzberg (hereinafter together the Herzbergs) extended a loan to Ebanks, secured by a mortgage on the 115 property. Upon discovering that the mortgage held by Novastar with respect to the 115 property had not in fact been satisfied, but prior to the time that the Herzbergs recorded their mortgage referable to the 115 property, the plaintiff simultaneously commenced this action and filed a notice of pendency, seeking a judgment declaring that it held an equitable first mortgage on the 115 property and, inter alia, seeking the discharge of Novastar's mortgage on the 117 property, the cancellation of the satisfaction of mortgage previously filed by CSFC in connection with the 115 property, and the reinstatement of Novastar's mortgage on the 115 property or, in the alternative, to be equitably subrogated to the

Herzbergs' rights to and interest in the 115 property. The Herzbergs were granted leave to intervene in this action, and moved, inter alia, for summary judgment.

It is axiomatic that a person whose conveyance or encumbrance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he were a party (see CPLR 6501; see also Goldstein v Gold, 106 AD2d 100 [1984], affd 66 NY2d 624 [1985]). A person holding an interest that accrued prior to the filing of a notice of pendency, but not recorded until after the filing of the notice, is still so bound (see generally Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 404 [1983]). Thus, in order to cut off a prior lien, such as a mortgage, the purchaser or encumbrancer must have no knowledge of the outstanding lien and must win the race to the recording office (see Goldstein v Gold, 106 AD2d at 101-102). Here, since a satisfaction of mortgage had been recorded with respect to Novastar's mortgage on the 115 property, there was no prior mortgage on that property that the Herzbergs had to cut off. The filing of the notice of pendency did not create a lien or any rights that did not already exist in the 115 property; it only provided constructive notice of a claim by the plaintiff (see 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158 [2008]).

Generally, a lien affecting real estate, satisfied through mistake, may be restored to its original status and priority as a lien, provided that no one innocently relied upon the discharge and either purchased the property or made a loan thereon in reliance upon the validity of that satisfaction (see New York Community Bank v Vermonty, 68 AD3d 1074 [2009]; see generally Citibank, N.A. v Kenney, 17 AD3d 305 [2005]; see also Matter of Ditta, 221 NYS2d 34 [1961]). Upon renewal and reargument, the Herzbergs established their prima facie entitlement to judgment as a matter of law declaring that the plaintiff does not hold an equitable first mortgage on the 115 property by presenting evidence demonstrating that they made a loan to Ebanks on September 4, 2007, which was secured by a mortgage on the 115 property; that they made that loan in reliance upon a satisfaction of mortgage referable to the 115 property that was duly recorded on October 24, 2006; that, at the time that they made the loan, there were no mortgages or other liens on the 115 property, as well as no notice of pendency filed in connection with that property; that they were the only holders of a mortgage on the 115 property; and that they recorded that mortgage on December 13, 2007.

The plaintiff failed to raise a triable issue of fact in opposition

to the Herzbergs' showing that they innocently relied on a duly recorded satisfaction of mortgage referable to the 115 property in making a loan and taking a mortgage against the 115 property (*cf. Morrocoy Mar. v Altengarten*, 120 AD2d 500 [1986]). The plaintiff also failed to raise a triable issue of fact by challenging the enforceability of the Herzbergs' loan to Ebanks on the ground of usury, as it lacked standing to do so (*see Seidel v 18 E. 17th St. Owners*, 79 NY2d 735 [1992]) and, in any event, it failed to present sufficient evidence of criminal usury (*see* Penal Law § 190.40; *see also* General Obligations Law § 5-521; *Seidel v 18 E. 17th St. Owners*, 79 NY2d 735 [1992]).

Upon renewal and reargument, the Herzbergs also presented evidence establishing that the plaintiff was not entitled to be equitably subrogated to their rights to and interest in the 115 property. The evidence demonstrated that it was at least partially CSFC's negligence that caused or permitted the wrong mortgage to be satisfied. The plaintiff, as CSFC's successor-in-interest, should not be allowed, in the face of its predecessor's carelessness, to enforce mortgage rights against the Herzbergs (*see Goldstein v Gold*, 106 AD2d at 103). In opposition, the plaintiff failed to raise a triable issue of fact to refute the Herzbergs' showings. Although it is undisputed that a portion of the plaintiff's loan proceeds satisfied the original mortgage obligation on the 115 property, which would generally favor the equitable subrogation of the plaintiff to the rights of the original mortgagee in the 115 property (*see Surace v Stewart*, 58 AD3d 715 [2009]; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597 [2007]), the Herzbergs' showing with respect to CSFC's negligence in erroneously recording a satisfaction of mortgage in connection with the 115 property, which must be imputed to the plaintiff, as its successor, trumps all other considerations (*see Goldstein v Gold*, 106 AD2d at 103).

Accordingly, upon renewal and reargument, the Herzbergs' motion for summary judgment should have been granted.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff does not hold an equitable first mortgage on the 115 property and that it is not equitably subrogated to the rights of the Herzbergs with respect to the 115 property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *see also Serrano v Republic Ins.*, 48 AD3d 665 [2008]). Covello, J.P., Balkin, Leventhal and Hall, JJ., concur.