■ STOUT STREET FUND I, L.P., Respondent, v HALIFAX GROUP, LLC, et al., Defendants, and DLJ MORTGAGE CAPITAL, INC., Appellant. (And a Third-Party Action.) [48 NYS3d 443]—

In an action to foreclose seven mortgages, the defendant DLJ Mortgage Capital, Inc., appeals, as limited by its brief, from (1) stated portions of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 14, 2015, and (2) so much of an order of the same court dated September 17, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it and striking certain of its affirmative defenses, and appointed a referee.

Ordered that the appeal from the order dated July 14, 2015, is dismissed, as the portions of the order appealed from were superseded by the order dated September 17, 2015; and it is further,

Ordered that the order dated September 17, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant DLJ Mortgage Capital, Inc., and striking certain of that defendant's affirmative defenses are denied, and so much of the order dated July 14, 2015, as also granted those branches of the plaintiff's motion is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant DLJ Mortgage Capital, Inc.

The facts underlying this action are stated in our decision and order in a companion appeal (see *Stout St. Fund I, L.P. v Halifax Group, LLC*, 148 AD3d 744 [2017] [decided herewith]), and are supplemented here only as necessary.

After the Supreme Court granted the motion of the plaintiff, Stout Street Fund I, L.P. (hereinafter Stout), inter alia, to strike certain affirmative defenses and dismiss the counterclaims of the defendant DLJ Mortgage Capital, Inc. (hereinafter DLJ), Stout moved, as relevant here, for summary judgment on the complaint insofar as asserted against DLJ and striking certain of DLJ's remaining affirmative defenses. The Supreme Court granted those branches of the motion, and DLJ appeals.

The Supreme Court improperly granted those branches of Stout's motion which were for summary judgment on the complaint insofar as asserted against DLJ and striking the subject affirmative defenses. "Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (*Novastar Mtge., Inc. v Mendoza*, 26 AD3d 479, 479 [2006]). "The statute further provides that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (*id.* at 479; *see* CPLR 6501; *DLJ Mtge. Capital, Inc. v Windsor*, 78 AD3d 645, 647 [2010]). "A person holding an interest that accrued prior to the filing of a notice of pendency, but not recorded until after the filing of the notice, is still so bound" (*DLJ Mtge. Capital, Inc. v Windsor*, 78 AD3d at 647). "[I]n order to cut off a prior lien, such as a mortgage, the purchaser or encumbrancer must have no knowledge of the outstanding lien and must win the race to the recording office" (*id.*; *see Goldstein v Gold*, 106 AD2d 100, 101-102 [1984], *affd* 66 NY2d 624 [1985]).

Stout failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law in this foreclosure action. It is undisputed that DLJ filed notices of pendency against five of the subject properties on April 12, 2010, in connection with an action it commenced at approximately the same time entitled *DLJ Mtge. Capital, Inc. v Kontogiannis*, under New York County Index No. 104675/2010 (hereinafter the fraud action). It is also undisputed that the third-party defendant Stout Street Funding, LLC (hereinafter Stout Funding), Stout's assignor, did not record its mortgages against the subject

properties until April 29, 2010. Therefore, Stout Funding, and by extension Stout, as its assignee, were bound by all proceedings taken in the fraud action after April 12, 2010, to the same extent as if they were parties (*see* CPLR 6501; *DLJ Mtge. Capital, Inc. v Windsor*, 78 AD3d at 647).

While the filing of a notice of pendency does not create a lien or any rights that did not already exist (*see Del Pozo v Impressive Homes, Inc.*, 86 AD3d 622 [2011]; *DLJ Mtge. Capital, Inc. v Windsor*, 78 AD3d at 647; *2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 161 [2008]), DLJ's right to a lien against the subject properties was created by the commencement of the fraud action, independent of the notices of pendency, pursuant to section 279 of the Debtor and Creditor Law, which is intended to protect fraudulently conveyed property for the benefit of a creditor whose claim has not yet been established (*see* Debtor and Creditor Law § 279; *Lengares v B & A Warehousing*, 159 AD2d 692, 693 [1990]). Indeed, as its claim matured, DLJ was granted an order of attachment and, ultimately, a judgment lien, against the subject properties. Moreover, on this record, there remains a triable issue of fact as to Stout's status as a bona fide encumbrancer for value (*see Stout St. Fund I, L.P. v Halifax Group, LLC*, 148 AD3d 744 [2017] [decided herewith]).

Since Stout failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law on the complaint insofar as asserted against DLJ and striking certain of DLJ's remaining affirmative defenses, those branches of its motion should have been denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.