■ Stout Street Fund I, L.P., Plaintiff/Counterclaim Defendant-Respondent, v Halifax Group, LLC, et al., Defendants, and DLJ Mortgage Capital, Inc., Defendant/Counterclaim Plaintiff/Third-Party Plaintiff-Appellant. Stout Street Funding, LLC, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [48 NYS3d 438]—

In an action to foreclose seven mortgages, the defendant/counterclaim plaintiff/third-party plaintiff, DLJ Mortgage Capital, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated September 30, 2014, as granted those branches of the

motion of the plaintiff/counterclaim defendant, Stout Street Fund I, L.P., and the third-party defendant Stout Street Funding, LLC, which were pursuant to CPLR 3211 (a), (b), and CPLR 3016 (b) to strike its 5th through 12th affirmative defenses and dismiss its counterclaims/third-party causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the plaintiff/counterclaim defendant and the third-party defendant Stout Street Funding, LLC, which were to strike the appellant's 5th through 12th affirmative defenses and dismiss its counterclaims/third-party causes of action insofar as asserted against them are denied.

The plaintiff/counterclaim defendant, Stout Street Fund I, L.P. (hereinafter Stout), commenced this action to foreclose mortgages on seven properties in Brooklyn (hereinafter the properties). Those mortgages (hereinafter the mortgages), executed by the defendant Halifax Group, LLC (hereinafter Halifax), on February 25, 2010, collectively secured a loan from Stout's predecessor, the third-party defendant Stout Street Funding, LLC (hereinafter Stout Funding), in the amount of $1,800,050. The mortgages were recorded on April 29, 2010.

On April 12, 2010, prior to the recording of the mortgages, the defendant/counterclaim plaintiff/third-party plaintiff, DLJ Mortgage Capital, Inc. (hereinafter DLJ), filed notices of pendency against five of the seven properties in connection with an action (hereinafter the fraud action) it had commenced in the Supreme Court, New York County, against Halifax and others. In the fraud action, DLJ alleged that those defendants had participated in a mortgage fraud scheme that included the fraudulent conveyance of the properties from Loring Estates, LLC (hereinafter Loring), to Halifax in 2009. In April 2011, the Supreme Court, New York County, granted DLJ's motion in the fraud action for an order of attachment against the properties involved, which included each of the subject properties in this action. Ultimately, DLJ prevailed in the fraud action, and a judgment was entered in December 2011 awarding DLJ damages, setting aside the conveyances to Halifax, and transferring the properties back to Loring, the entity that had conveyed them to Halifax. A money judgment was entered in DLJ's favor against many of the defendants in the fraud action, including Loring. DLJ thus became the holder of judgment liens against the properties.

In its second amended answer in this action, DLJ raised affirmative defenses and asserted counterclaims/third-party

causes of action against Stout and Stout Funding (hereinafter together the Stout entities), challenging their status as bona fide encumbrancers for value based on, among other things, their actual and/or constructive knowledge of the prior fraudulent conveyances of the properties, and challenging the validity of the mortgages themselves, based on allegations of fraud. The Stout entities moved, inter alia, pursuant to CPLR 3211 (a), (b), and 3016 (b) to strike DLJ's 5th though 12th affirmative defenses and dismiss its counterclaims/third-party causes of action insofar as asserted against them. The Supreme Court granted those branches of the motion, and DLJ appeals.

The Supreme Court improperly granted those branches of the Stout entities' motion which were to strike DLJ's 5th through 8th and 11th affirmative defenses and dismiss its 1st and 2nd counterclaims/third-party causes of action insofar as asserted against them. Those affirmative defenses and counterclaims/third-party causes of action were based on Stout's alleged lack of bona fide encumbrancer status, and DLJ's claim that the mortgages were void due to the prior fraudulent conveyance of the properties from Loring to Halifax. "A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor" (*JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1125-1126 [2011] [internal quotation marks omitted]; *see* Real Property Law § 266; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *Fischer v Sadov Realty Corp.*, 34 AD3d 630, 631 [2006]; *Karan v Hoskins*, 22 AD3d 638 [2005]). " '[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue' " (*Mortgage Elec. Registration Sys., Inc. v Rambaran*, 97 AD3d 802, 804 [2012], quoting *Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010] [internal quotation marks omitted]; *see JP Morgan Chase Bank v Munoz*, 85 AD3d at 1126; *Thomas v LaSalle Bank N.A.*, 79 AD3d at 1017). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (*Mortgage Elec. Registration Sys., Inc. v Rambaran*, 97 AD3d at 804 [internal quotation marks omitted]; *see JP Morgan Chase Bank v Munoz*, 85 AD3d at 1126; *Thomas v LaSalle Bank N.A.*, 79 AD3d at 1017; *Booth v Ameriquest Mtge. Co.*, 63 AD3d 769 [2009]). "An assignee stands in the shoes of the assignor and takes the assignment subject to any preexisting liabilities" (*Arena Constr. Co. v Sackaris & Sons*, 282 AD2d 489, 489 [2001]; *see Mortgage Elec. Registration Sys., Inc. v Rambaran*, 97 AD3d at 804; *TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]).

Here, DLJ alleged that, at the time Stout Funding obtained

the mortgages, it was on "actual, constructive and/or inquiry notice" that the underlying transaction conveying the properties from Loring to Halifax was fraudulent. Annexed to DLJ's answer were copies of documents from the Stout entities' own "underwriting file," which contained, as alleged by DLJ, "numerous indicia of fraud surrounding the Loring/Stout Properties" that should have led Stout Funding to make inquiries of the circumstances of the transaction at issue (*see Mortgage Elec. Registration Sys., Inc. v Rambaran*, 97 AD3d at 804).

Accepting these allegations as true, as we must on a motion pursuant to CPLR 3211 (b) and (a) (7), and affording DLJ the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Chestnut Realty Corp. v Kaminski*, 95 AD3d 1254, 1255 [2012]), DLJ stated valid affirmative defenses and a counterclaim against Stout based on its lack of bona fide encumbrancer status. Furthermore, DLJ sufficiently alleged that since the transfer of the properties from Loring to Halifax was adjudged to be void as a fraudulent conveyance, any subsequent encumbrances granted by Halifax, including the subject mortgages, were also void (*see Leon v Martinez*, 84 NY2d at 87-88).

The Stout entities also failed to establish their entitlement to the striking of DLJ's 5th through 8th and 11th affirmative defenses and the dismissal of its 1st and 2nd counterclaims/third-party causes of action insofar as asserted against them pursuant to CPLR 3211 (a) (1). The documentary evidence submitted by the Stout entities, which included their own underwriting file, failed to utterly refute DLJ's factual allegations, and failed to conclusively establish a defense to the counterclaims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see also JP Morgan Chase Bank v Munoz*, 85 AD3d at 1125-1126).

The Supreme Court also improperly granted those branches of the Stout entities' motion which were to strike DLJ's 9th, 10th, and 12th affirmative defenses and dismiss its 3rd counterclaim/third-party cause of action insofar as asserted against them. Those affirmative defenses and that counterclaim were based on theories of actual and constructive fraudulent conveyance pursuant to the Debtor and Creditor Law. Pursuant to Debtor and Creditor Law § 273, a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration (*see* Debtor and Creditor Law § 273; *Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica*

*Ave. Ltd. Partnership*, 25 AD3d 301, 303 [2006]). Pursuant to Debtor and Creditor Law § 274, a conveyance is fraudulent when it is "made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his [or her] hands after the conveyance is an unreasonably small capital." In addition, pursuant to Debtor and Creditor Law § 275, "[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he [or she] will incur debts beyond his [or her] ability to pay as they mature, is fraudulent as to both present and future creditors."

Fair consideration exists "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" or "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in [an] amount not disproportionately small as compared with the value of the property, or obligation obtained" (Debtor and Creditor Law § 272; *see Matter of BSL Dev. Corp. v Aquabogue Cove Partners*, 212 AD2d 694, 695-696 [1995]). "[T]he good faith of both transferor and transferee is stressed as an indispensable condition in the definition of fair consideration under either branch of the statutory language" (*Julien J. Studley, Inc. v Lefrak*, 66 AD2d 208, 213 [1979], *affd* 48 NY2d 954 [1979]).

Here, DLJ alleged that, out of the approximately $1,800,000 in loan proceeds relating to the mortgages, $816,363.36 was paid to Loring, and only $698,201.16 was paid to the mortgagor, Halifax, leaving Halifax with a disproportionately small amount of the loan proceeds. Accepting DLJ's allegations as true, and affording it the benefit of every possible favorable inference, DLJ sufficiently alleged that Halifax was not paid fair consideration for the mortgages (*see Lengares v B & A Warehousing*, 159 AD2d 692, 693 [1990]; *see also Gelbard v Esses*, 96 AD2d 573, 576 [1983]). Furthermore, DLJ alleged that Halifax, the mortgagor in the transaction, was a participant in the mortgage fraud scheme of which DLJ was a victim, and which involved the properties. Accepting these allegations as true, DLJ sufficiently alleged a lack of good faith on the part of Halifax (*see Southern Indus. v Jeremias*, 66 AD2d 178, 183 [1978]).

Debtor and Creditor Law § 276 provides that "[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent." "The

requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer" (*Matter of Steinberg v Levine*, 6 AD3d 620, 621 [2004]). In determining whether a conveyance was fraudulent, the "courts 'will consider "badges of fraud[,]" which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent' " (*Pen Pak Corp. v LaSalle Natl. Bank of Chicago*, 240 AD2d 384, 386 [1997], quoting *MFS/Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co.*, 910 F Supp 913, 935 [SD NY 1995]; *see Matter of Steinberg v Levine*, 6 AD3d at 621). Here, DLJ sufficiently alleged "badges of fraud," including the inadequacy of consideration received by Halifax.

Accordingly, DLJ sufficiently pleaded valid affirmative defenses and a counterclaim/third-party cause of action based on theories of actual and constructive fraudulent conveyance pursuant to the Debtor and Creditor Law. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.