HSBC Bank USA, N.A. v Pape (2019 NY Slip Op 08661)





HSBC Bank USA, N.A. v Pape


2019 NY Slip Op 08661


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-09360
 (Index No. 13267/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Christopher Pape, et al., defendants; 89 Ridge Road, LLC, nonparty-appellant.


Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman and Antonio Marano of counsel), for nonparty-appellant.
Reed Smith LLP, New York, NY (Zalila T. Pierre and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty 89 Ridge Road, LLC, appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated September 25, 2015. The order, insofar as appealed from, denied those branches of the motion of nonparty 89 Ridge Road, LLC, which were for leave to intervene in the action pursuant to CPLR 1012 and for related declaratory relief. 
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff bank commenced this action to foreclose a mortgage, given to the plaintiff's assignor and executed by the defendant Christopher Pape, encumbering certain real property in Southampton. Thereafter, nonparty RE89 LLC, of which Pape is a member, and which had obtained title from Pape, conveyed its interest in the subject property to the appellant, 89 Ridge Road, LLC. The appellant moved, among other things, for leave to intervene in this action and for related declaratory relief. In the order appealed from, the Supreme Court, inter alia, denied those branches of the appellant's motion.
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 749, 749). "The statute further provides that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (Novastar Mtge., Inc. v Mendoza, 26 AD3d at 479; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 749; DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647). "A person holding an interest that accrued prior to the filing of a notice of pendency, but not recorded until after the filing of the notice, is still so bound" (DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d at 647; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 749). Further, the status of a bona fide purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning same (see Gregg v M & T [*2]Bank Corp., 160 AD3d 936, 940; Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709).
Here, the record demonstrates that the deed conveying the property to the appellant was recorded approximately two weeks after the plaintiff filed its second notice of pendency. Accordingly, as the appellant had constructive notice of the foreclosure action at the time its deed was recorded, it is not a bona fide purchaser (see Gregg v M & T Bank Corp., 160 AD3d at 940; Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d at 709). Further, the appellant's interest in the property was effectively foreclosed upon entry of the judgment of foreclosure (see Novastar Mtge., Inc. v Mendoza, 26 AD3d at 479; Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp., 29 AD2d 670, 671).
As such, the appellant failed to establish "a real and substantial interest" in the outcome of the action to warrant intervention (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677; cf. Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843).
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court