Sharestates Invs., LLC v Hercules (2019 NY Slip Op 09315)





Sharestates Invs., LLC v Hercules


2019 NY Slip Op 09315


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-04548 
2017-04549
 (Index No. 59656/16)

[*1]Sharestates Investments, LLC, respondent,
v
Anyekache Hercules, et al., appellants, et al., defendants. DLA Piper LLP (US), Albany, NY (Jeffrey D. Kuhn of counsel), for appellant James Julius.


Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose an equitable lien upon real property, the defendant James Julius appeals, and the defendants Kurt Jones and Anyekache Hercules separately appeal, from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 4, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated April 21, 2017. The order dated April 4, 2017, insofar as appealed from by the defendant James Julius, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant James Julius and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing so much of the amended complaint as sought a judgment directing that the plaintiff's equitable lien on the subject property be given first priority in a foreclosure sale of the property. The order and judgment of foreclosure and sale dated April 21, 2017, inter alia, directed the sale of the subject property.
ORDERED that the appeals by the defendants Kurt Jones and Anyekache Hercules are deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further,
ORDERED that the appeal by the defendant James Julius from the order dated April 4, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed on the appeal by the defendant James Julius; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal by the defendant James Julius from the order dated April 4, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on his appeal from the order are brought up for review and have been considered on his appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On November 24, 2015, the defendants Kurt Jones and Anyekache Hercules (hereinafter together the Jones defendants), as husband and wife, executed a mortgage on certain real property in Westchester County (hereinafter the Westchester property) in favor of James Julius. On December 18, 2015, Sharestates Investments, LLC (hereinafter the plaintiff), commenced an action against the Jones defendants pursuant to RPAPL article 15 (hereinafter the equitable lien action), seeking to impose an equitable lien upon the Westchester property in the principal sum of $1,500,000. The plaintiff alleged in the complaint that the loan proceeds from a mortgage on a property in Brooklyn were deposited in the IOLA account of Hercules, an attorney who purported to represent the seller in that transaction; that the Jones defendants then used the loan proceeds to purchase the Westchester property; and that Hercules was not authorized to use the loan proceeds to purchase the Westchester property. Also on December 18, 2015, the plaintiff filed a notice of pendency against the Westchester property. On January 12, 2016, Julius recorded the mortgage given to him by the Jones defendants in the Office of the Westchester County Clerk.
In the equitable lien action, by order dated April 14, 2016, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the Jones defendants. On May 9, 2016, the court issued a judgment awarding the plaintiff an equitable lien upon the Westchester property in the principal sum of $1,500,000 as of December 18, 2015, the date of the filing of the notice of pendency.
On July 13, 2016, the plaintiff commenced this action against the Jones defendants to foreclose its equitable lien upon the Westchester property. The plaintiff later served an amended complaint, adding Julius as a defendant. Julius interposed an answer to the amended complaint. The plaintiff moved for summary judgment on the amended complaint insofar as asserted against Julius, for leave to enter a default judgment against the Jones defendants, and for an order of reference. Julius cross-moved for summary judgment dismissing so much of the amended complaint as sought a judgment directing that the plaintiff's equitable lien be given first priority to the proceeds received from a foreclosure sale of the Westchester property. In an order dated April 4, 2017, the Supreme Court granted the plaintiff's motion for summary judgment on the amended complaint insofar as asserted against Julius, for leave to enter a default judgment against the Jones defendants, and for an order of reference, and denied Julius's cross motion. Thereafter, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the Westchester property.
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 749, 750). "The statute further provides that a person whose conveyance or encumbrance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (Novastar Mtge., Inc. v Mendoza, 26 AD3d at 479; see CPLR 6501; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 750; Mortgage Elec. Registration Sys., Inc. v Pagan, 119 AD3d 749, 752; DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647). "A person holding an interest that accrued prior to the filing of a notice of pendency, but not recorded until after the filing of the notice, is still so bound" (DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d at 647). "[I]n order to cut off a prior lien, such as a mortgage, the purchaser or encumbrancer must have no knowledge of the outstanding lien and must win the race to the recording office" (id.; see Goldstein v Gold, 106 AD2d 100, 101-102, affd 66 NY2d 624).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a law by submitting evidence that it filed a notice of pendency on December 18, 2015, giving constructive notice of the filing of its action to impose an equitable lien upon the Westchester property. The plaintiff further demonstrated, prima facie, that Julius did not record his mortgage on the Westchester property until January 12, 2016, almost a month later. Even assuming that Julius established that he lacked knowledge of the plaintiff's action for an equitable lien, he did not "win the race to the recording office" (DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d at 647) and, thus, could not "cut off" the plaintiff's equitable lien, which, pursuant to the default judgment dated May 9, 2016, in the action to impose an equitable lien, was retroactive to December 18, 2015, the date of the filing of the notice of pendency. In opposition, Julius failed to raise a triable issue of fact.
In view of our determination, we need not reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against Julius and for an order of reference, and to deny Julius's cross motion for summary judgment dismissing so much of the amended complaint as sought a judgment directing that the plaintiff's equitable lien be given first priority to the proceeds received from a foreclosure sale of the Westchester property.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court