Milin v Pak (2020 NY Slip Op 07559)





Milin v Pak


2020 NY Slip Op 07559


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-08694
 (Index No. 521763/17)

[*1]Ilya Milin, appellant,
v
Vladimir Pak, et al., respondents.


Emergent LLP, New York, NY (Mikhail Ratner of counsel), for appellant.
Blank & Star, PLLC, Brooklyn, NY (Helene E. Blank of counsel), for respondent Vladimir Pak.
Jan Levien P.C., New York, NY, for respondent Lyubov Krivosheyeva.



DECISION & ORDER
In an action to set aside a fraudulent conveyance, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 20, 2018. The order, insofar as appealed from, granted the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them and to vacate the notice of pendency, and, in effect, denied that branch of the plaintiff's cross motion which was for leave to amend the amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them and to vacate the notice of pendency are denied, and that branch of the plaintiff's cross motion which was for leave to amend the amended complaint is granted.
The plaintiff, an alleged creditor of the defendant Vladimir Pak, commenced this action to set aside the alleged fraudulent conveyance of Pak's interest in real property located in Brooklyn to his former wife, the defendant Lyubov Krivosheyeva. The plaintiff also filed a notice of pendency against the property. In the amended complaint, the plaintiff alleged that after he and Pak discussed settling a related action in which he sought to recover the balance of an unpaid loan to Pak, Pak transferred his interest in the property to Krivosheyeva. The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action and to vacate the notice of pendency, contending that the property was transferred from Pak to Krivosheyeva pursuant to a settlement agreement resolving a divorce action commenced by Krivosheyeva. The plaintiff cross-moved, inter alia, for leave to amend the amended complaint to add allegations that Pak had notice of the plaintiff's claim prior to the commencement of the divorce action, and that the divorce was a sham intended to shield the property from the plaintiff. The Supreme Court, inter alia, granted the defendants' separate motions and, in effect, denied that branch of the plaintiff's cross motion which was for leave to amend the amended complaint. The plaintiff appeals. In a decision and order on motion dated August 24, 2018, this Court stayed the distribution of the net proceeds of any sale of the property.
We disagree with the Supreme Court's determination, in effect, denying that branch of the plaintiff's cross motion which was for leave to amend the amended complaint. "'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Lomeli v Falkirk Mgt. Corp., 179 AD3d 660, 664, quoting Lucido v Mancuso, 49 AD3d 220, 222). "'The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position'" (Lomeli v Falkirk Mgt. Corp., 179 AD3d at 664, quoting Redd v Village of Freeport, 150 AD3d 780, 781 [internal quotation marks omitted]).
The version of Debtor and Creditor Law § 276 that was in effect at the time of the subject conveyance provided that "'[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent'" (Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 748). "'The requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer'" (id. at 748-749, quoting Matter of Steinberg v Levine, 6 AD3d 620, 621). "In determining whether a conveyance was fraudulent, the 'courts will consider badges of fraud[,] which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent'" (Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 749, quoting Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386 [internal quotation marks omitted]). "Badges of fraud include (1) the close relationship among the parties to the transaction, (2) the inadequacy of the consideration, (3) the transferor's knowledge of the creditor's claims, or claims so likely to arise as to be certain, and the transferor's inability to pay them, and (4) the retention of control of property by the transferor after the conveyance" (Dempster v Overview Equities, 4 AD3d 495, 498).
Contrary to the defendants' contentions, the proposed second amended complaint is not palpably insufficient or patently devoid of merit. The plaintiff alleged in the proposed second amended complaint that Pak knew of the plaintiff's claim regarding the unpaid loan before the divorce action was commenced, instituted a sham divorce to transfer the property to his wife to shield it from the plaintiff's lawsuit, and continued to reside in and retain control over the property after the divorce and transfer (see Bashian & Farber, LLP v Syms, 167 AD3d 561, 564; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 748-749; Swartz v Swartz, 145 AD3d 818, 826). Furthermore, the defendants failed to establish any prejudice or surprise. Thus, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the amended complaint (see Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013, 1015; Lomeli v Falkirk Mgt. Corp., 179 AD3d at 664).
In light of our determination that the branch of the plaintiff's cross motion which was for leave to amend the amended complaint should have been granted, those branches of the defendants' motions which were pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them should have been denied as academic. Consequently, the Supreme Court also should not have granted those branches of the defendants' motions which were to vacate the notice of pendency. We disagree with Pak's contention that the appeal from so much of the order as granted those branches of the motions which were to vacate the notice of pendency has been rendered academic by the sale of the property, as the defendants have not shown that a judgment in this action would not "affect the title to, or the possession, use or enjoyment of," the property (CPLR 6501).
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court