■ In the Matter of Estate of JOAN MARIE FOTIADES, Deceased. GREGORY W. FOTIADES, Respondent; DAVID BART MOSKOFF, Appellant, et al., Respondent. [800 NYS2d 748]—

In a proceeding, inter alia, in effect, to invalidate two deeds, David Bart Moskoff appeals from (1) an order of the Surrogate's Court, Suffolk County (Braslow, S.), dated June 23, 2004, which denied his motion to vacate a decree and warrant of eviction of the same court entered October 11, 2002 and October 30, 2002, respectively, and (2) an order of the same court, also dated June 23, 2004, which granted the petitioner's motion to vacate à stay imposed on March 18, 2003, prohibiting the disposition of the subject real property pending determination of an appeal by his wife from the decree and warrant of eviction.

Ordered that the appeal from the order granting the petitioner's motion is dismissed, as the appellant is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the order denying the motion is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The Surrogate's Court properly denied the appellant's motion, but on different grounds from those stated in the order appealed from. The appellant was neither a named nor an interested party to the proceeding, which was unopposed, to vacate the deeds and declare the subject property an asset of the decedent's estate. Accordingly, his motion should have been denied on the ground that he lacked standing to bring it (*see* CPLR 3211 [a]; 5015 [a]; *Kraker v Roll*, 100 AD2d 424 [1984]; *Lee v Wiegand*, 28 AD2d 560, 561 [1967]). Furthermore, by failing to move for leave to intervene prior to the hearing on the petition, though the record shows that he had notice of the proceeding at least three months earlier, the appellant effectively waived any right he may have had to participate in the litigation (*see NYCTL 1996-1 Trust v King*, 304 AD2d 629, 631 [2003]; *Vacco v Herrera*, 247 AD2d 608, 609 [1998]). Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.