Morales v Marion Ave. Mgt. LLC (2020 NY Slip Op 06399)





Morales v Marion Ave. Mgt. LLC


2020 NY Slip Op 06399


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 303499/11 2512817/13 Appeal No. 12333N Case No. 2015-21606 

[*1]Franklin Morales, Plaintiff,
v
Marion Avenue Management LLC, Defendant.
Marion Avenue Management LLC, Third-Party Plaintiff-Respondent,
v
Public Service Mutual Insurance Company, Third-Party Defendant-Appellant.


Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Benjamin N. Gonson and Matthew G. Corcoran of counsel), for appellant.
Goldberg Weprin Finkel Goldstein LLP, New York (J. Ted Donovan of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered February 27, 2015, which, to the extent appealed from, vacated an order, entered on default, that dismissed the severed third-party action, unanimously affirmed, without costs.
The court providently exercised its discretion in finding that third-party plaintiff (Marion) demonstrated excusable default and a meritorious cause of action, warranting vacatur of the order that dismissed the third-party action (CPLR 5015[a][1]; see Port Auth. of N.Y. and N.J. v Guardian Serv. Indus., Inc., 165 AD3d 467, 467 [1st Dept 2018]). Marion established that its default was attributable to law office failure by submitting an affirmation by its counsel explaining that the lawyer who had been handling the case left the firm and failed to pass her work on to the firm's two partners (see Mut. Mar. Off., Inc. v Joy Constr. Corp., 39 AD3d 417, 419 [1st Dept 2007]). Marion should not be deprived of its day in court on account of its attorney's "neglect or inadvertent error" (Chelli v Kelly Group, P.C., 63 AD3d 632, 633-634 [1st Dept 2009]). Marion established its meritorious cause of action by submitting plaintiff's former counsel's deposition testimony that third-party defendant (PSMIC) had denied Marion's insurance claim because a notation on the claim letter incorrectly stated that the letter was the "Third Notice."
We reject PSMIC's argument that plaintiff lacked standing to move to vacate the dismissal order.
We have considered PSMIC's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020