Morequity, Inc. v Centennial Ins. Co. (2022 NY Slip Op 00422)





Morequity, Inc. v Centennial Ins. Co.


2022 NY Slip Op 00422


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-04176
 (Index No. 12717/09)

[*1]Morequity, Inc., respondent, 
v
Centennial Insurance Company, et al., defendants; 158-11 96th Street, LLC, nonparty-appellant.


Gail M. Blasie, P.C., Garden City, NY, for nonparty-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty 158-11 96th Street, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered January 29, 2018. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On January 24, 2004, Joseph DeMartino borrowed $239,000, secured by a mortgage on real property. In January 2006, DeMartino conveyed the premises to Centennial Insurance Company (hereinafter Centennial). In May 2009, the plaintiff commenced this action to foreclose the mortgage, and filed a notice of pendency. Centennial submitted an answer.
By notice of motion dated September 4, 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Centennial, to strike Centennial's answer, and for an order of reference. By order entered January 20, 2015, the Supreme Court granted the plaintiff's unopposed motion and referred the matter to a referee to compute the amount due. Centennial was, at this point, in liquidation proceedings. By order dated March 9, 2015, the Supreme Court, New York County, approved a compromise and settlement of claims between Centennial and Joseph DeMartino's son, Frank DeMartino, including the transfer of the premises to the appellant, nonparty 158-11 96th Street, LLC, "an entity controlled by Frank DeMartino." The liquidator transferred the premises to the appellant on April 21, 2015.
By notice of motion dated August 22, 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale, and filed a new notice of pendency. The appellant opposed the motion and, in January 2017, cross-moved to be joined as a necessary party defendant and to vacate the order entered January 20, 2015, which was entered upon Centennial's default. In an order dated June 1, 2017, the Supreme Court denied the appellant's cross motion. Then the court granted the plaintiff's motion to confirm the referee's report and for a judgment of [*2]foreclosure and sale, and issued an order and judgment of foreclosure and sale. This appeal ensued.
The Supreme Court properly denied that branch of the appellant's cross motion which was to be joined as a necessary party. Although the appellant took title to the premises after the original notice of pendency had lapsed, and prior to the filing of the subsequent notice of pendency, it is undisputed that the appellant had actual knowledge of the mortgage and of this foreclosure action at the time it obtained title (see 1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447). Accordingly, the court properly determined that the appellant is bound by all proceedings taken in the action and is not a necessary party (see Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 536; Deutsche Bank Natl. Trust Co. v Limtcher, 193 AD3d 686, 688-689; Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 480).
The appellant contends, alternatively, that it should have been granted leave to intervene. However, on its cross motion, the appellant did not seek leave to intervene pursuant to CPLR 1012 or CPLR 1013. In any event, such a request would have been untimely (see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750; Sharestates Invs., LLC v Hercules, 178 AD3d 1111, 1112; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108). The appellant did not make its cross motion until well over a year after taking title.
The appellant's remaining contentions are either without merit (see U.S. Bank N.A. v Akande, 136 AD3d 887, 890) or not properly before this Court.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court