First Am. Tit. Ins. Co. v Successful Abstract, LLC (2022 NY Slip Op 07186)

First Am. Tit. Ins. Co. v Successful Abstract, LLC

2022 NY Slip Op 07186

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 657208/20 Appeal No. 16941 Case No. 2021-03597 

[*1]First American Title Insurance Company, Plaintiff-Respondent,
v
Successful Abstract, LLC, Defendant-Appellant.

Avi Rosengarten, Brooklyn, for appellant.
Rossi & Crowley, LLP, Douglaston (Peter Metis of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 13, 2021, which denied defendant Successful Abstract LLC's motion to vacate an order, same court and Justice, dated June 2, 2021, granting plaintiff First American Title Insurance Company's unopposed motion for summary judgment, and the ensuing judgment, entered August 17, 2021, unanimously reversed, on the law, with costs, and the motion to vacate granted.
The law office failure of miscalendaring dates has been deemed a reasonable excuse (see e.g. Cornwall Warehousing, Inc. v Lerner, 171 AD3d 540, 540 [1st Dept 2019]). Here, defendant's counsel miscalendared the return date of plaintiff's summary judgment motion for July 1, 2021 rather than June 1, 2021. Counsel explained that it is his regular practice to calendar motion dates once a return date is set; to review his calendar daily and on or about the first of each month; and that he had been working part-time at home with a less robust system compared to his office (Park v Kim, 205 AD3d 429, 429 [1st Dept 2022] [finding counsel's affirmation sufficient to support a reasonable excuse of law office failure]). Accordingly, defendant proffered a reasonable excuse in the form of law office failure and should not be deprived of its day in court for counsel's error (Morales v Marion Ave. Mgt. LLC, 188 AD3d 466, 466 [1st Dept 2020]).
Although the motion court did not address whether defendant raised a meritorious defense, defendant established a meritorious defense for each of plaintiff's causes of action. Defendant has shown that there are potential defenses as to whether plaintiff's insured proximately caused the loss, whether the parties proceeded in accordance with industry standards to constitute a breach of their agreement or negligence, and whether plaintiff settled the foreclosure action in good faith. On this record we decline to consider defendant's request for summary judgment. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022