Bank of Am., N.A. v Burton (2024 NY Slip Op 06022)

Bank of Am., N.A. v Burton

2024 NY Slip Op 06022

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01675
 (Index No. 5623/12)

[*1]Bank of America, N.A., respondent, 
v
Dana Burton, etc., et al., defendants; YPL Realty Corp., nonparty-appellant.

The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty YPL Realty Corp. appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 31, 2022. The order and judgment of foreclosure and sale granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property at issue.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
This action to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the property) was commenced against a number of defendants in March 2012, and a notice of pendency was filed at that time. By deed dated October 18, 2012, and recorded January 14, 2013, nonparty YPL Realty Corp. (hereinafter YPL) acquired title to the property.
As relevant to this appeal, in February 2022, the plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. YPL opposed the motion, contending that it was a necessary party. In an order dated August 31, 2022, the Supreme Court granted the plaintiff's motion, noting that YPL had never moved for leave to intervene in the action. In an order and judgment of foreclosure and sale dated August 31, 2022, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. YPL appeals from the order and judgment of foreclosure and sale.
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property. The statute further provides that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 536 [internal quotation marks omitted]; see Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479). Here, the record demonstrates that the deed conveying the property to YPL was recorded after the notice of pendency was filed. [*2]Therefore, YPL had constructive notice of this action, was bound by all proceedings taken herein as if it were a party, and was not a necessary party (see CPLR 6501; Morequity, Inc. v Centennial Ins. Co., 201 AD3d 929, 931; Wells Fargo Bank, N.A. v Lance, 196 AD3d at 536).
Moreover, YPL never moved for leave to intervene and, accordingly, "effectively waived any right [it] may have had to participate in [this] litigation" (Matter of Fotiades, 21 AD3d 898, 898; see Morequity, Inc. v Centennial Ins. Co., 201 AD3d at 931).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court