1946Tremont1B, LLC v Nawal Realty, Inc. (2026 NY Slip Op 01115)

1946Tremont1B, LLC v Nawal Realty, Inc.

2026 NY Slip Op 01115

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Index No. 26697/20|Appeal No. 5946|Case No. 2024-07629|

[*1]1946Tremont1B, LLC, Plaintiff-Appellant,
vNawal Realty, Inc. et al., Defendants-Respondents.

Rosenberg Fortuna & Laitman LLP, Garden City (Christopher Villanti of counsel), for appellant.
Delbello Donnellan Weingarten Wise & Widerkehr LLP, White Plains (Eric J. Mandell of counsel), for Nawal Realty, Inc., respondent.

Order, Supreme Court, Bronx County (Kim A. Wilson, J.), entered on or about November 6, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, granted defendant Nawal Realty Inc.'s cross-motion for summary judgment on its counterclaim for a declaration that it is the record owner of the subject premises and for leave to amend its answer to assert a new counterclaim for reforeclosure of the premises, unanimously modified, on the law, to deny so much of the cross-motion as sought summary judgment on Nawal Realty's counterclaim for a declaration that it is the record owner of the premises, and otherwise affirmed, without costs.
On November 25, 2015, plaintiff purchased property in the Bronx from nonparty West Fork Capital Equities, Inc., who had acquired the property through a condominium lien foreclosure proceeding. The property was subject to a mortgage held by nonparty Ocwen Loan Servicing, LLC. This purchase occurred after the lapse of a notice of pendency Ocwen had filed in a mortgage foreclosure action, but before a successive notice of pendency was filed. Neither Ocwen nor its successor-in-interest joined plaintiff as a defendant in its mortgage foreclosure action. Following a judgment of foreclosure and sale, the referee in the mortgage foreclosure action deeded the property to defendant Real Homes Management Holdings, Inc., which in turn deeded the property to defendant Nawal Realty.
Supreme Court properly denied plaintiff's motion for summary judgment, as plaintiff failed to sustain its burden of showing that it lacked knowledge of Ocwen's foreclosure action when it purchased the premises (see Morequity, Inc. v Centennial Ins. Co., 201 AD3d 929, 931 [2d Dept 2022]; Wells Fargo Bank, NA v Rodriguez, 203 AD3d 869, 870 [2d Dept 2022]).
Supreme Court also providently exercised its discretion in granting Nawal leave to amend to include a reforeclosure cause of action. The proposed cause of action was not palpably devoid of merit, as the property was sold to Real Homes in accordance with a judgment of foreclosure and sale (see RPAPL 1503; Mashinsky v Drescher, 188 AD3d 465, 466 [1st Dept 2020]). Plaintiff argues that, because it owned the property and the foreclosure sale sold the mortgage and not the property, the property was not truly "sold" to Real Homes within the meaning of RPAPL 1503. However, the statute specifically allows a person acquiring property in a foreclosure sale to reforeclose against an "owner of the real property mortgaged," and therefore contemplates that a plaintiff in a reforeclosure action might not be the owner. Nawal Realty also alleged in the amended counterclaim that Ocwen's omission of plaintiff from the mortgage foreclosure action was not due to fraud or willful neglect, and plaintiff does not show that this allegation was palpably insufficient (see Mashinsky, 188 AD3d 466). Additionally, delay alone is insufficient to establish prejudice (see Barbour v Hospital for Special Surgery, 169 AD2d 385, 386 [1st Dept 1991]), and plaintiff did not otherwise sustain its burden of explaining how it would be prejudiced by the amendment (see Leslie v Hymes, 60 AD2d 564, 564 [1st Dept 1977]).
However, Supreme Court should not have granted Nawal Realty's cross motion for summary judgment seeking a declaration that Nawal was the record owner of the premises, as Nawal did not establish that plaintiff had knowledge of the pending mortgage foreclosure action when plaintiff purchased the property (see Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 496 [1st Dept 2015], affd 28 NY3d 958 [2016]; Morequity, 201 AD3d at 931). Although the deed to West Fork included language identifying Ocwen's mortgage, and West Fork's deed to plaintiff was necessarily subject to that mortgage (see Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]), this language did not necessarily give plaintiff notice of the mortgage foreclosure action. At a minimum, the deed to plaintiff, together with the mortgage, would have given plaintiff constructive notice of the mortgage, but not the foreclosure action (see e.g. 80P2L LLC v U.S. Bank Trust, N.A., 194 AD3d 593, 594 [1st Dept 2021], lv denied 38 NY3d 904 [2022]; 436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 962 [2d Dept 2020]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026